UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Glen Hunstad and Alicia Hunstad,   Case No. 15-cv-3656 (PAM/SER)

Plaintiffs,

v.   **MEMORANDUM AND ORDER**

State Farm Fire & Casualty Company,

Defendant.

This matter is before the Court on Plaintiff Glen Hunstad's Motion for Summary Judgment. For the reasons that follow, the Motion is denied.

**BACKGROUND**

On December 17, 2013, a fire damaged a house owned by Plaintiff Glen Hunstad and his then-wife, Alicia. (Compl. ¶ 4.) At the time of the fire, the Hunstads were insured by Defendant State Farm Fire and Casualty Company. (Id. ¶ 5.) A dispute arose between the Hunstads and State Farm with respect to the value of personal property damaged in the fire, and the Hunstads eventually requested an appraisal hearing under the policy. (Id. ¶ 8.) The appraisal panel issued an award in April 2015. (Id. ¶ 9.) State Farm disputes the Hunstads' claimed property damage and has not paid the appraisal award. (Id. ¶ 10.)

After the appraisal award, Glen and Alicia moved the Goodhue County District Court to confirm the award. That court denied the Hunstads' motion on June 8, 2015, the same day that State Farm denied coverage for the damage to personal property. The

Hunstads divorced in August 2015.  (Docket No. 21-1.)  Their divorce decree provided that Glen would be allowed to recover insurance proceeds from the December 2013 fire without Alicia's signature or input.  (Id. at 24.)  Should he recover any such insurance proceeds, Glen is required to evenly divide them with Alicia.  (Id.)

On September 1, 2015, Glen and Alicia filed this lawsuit in Goodhue County, alleging that State Farm breached its contract with them by denying coverage for their insurance claim.  State Farm removed the case to federal court on September 14, 2015, invoking this Court's diversity jurisdiction.[1]  In its Answer, State Farm raises numerous affirmative defenses, including fraud.

Glen Hunstad now moves for summary judgment on his breach of contract claim.  He asserts that the appraisal panel's ruling constitutes a factual determination as to the value of the damaged property.  Further, he argues that the appraisal panel's determination is binding on this Court and means that State Farm cannot deny coverage for the loss, thus establishing Hunstad's breach-of-contract claim as a matter of law.  State Farm contends that Hunstad's Motion must be denied because the appraisal panel's award has no bearing on whether the policy required State Farm to provide coverage for the Hunstads' personal property.  According to State Farm, it denied coverage because

---

[1] Before State Farm answered the state-court Complaint, Glen Hunstad served an amended pleading listing only himself as plaintiff.  The amended pleading was served nearly simultaneously with State Farm's removal of the case to federal court, and thus the Complaint attached to State Farm's notice of removal is the first version, with Alicia Hunstad listed as a Plaintiff.  The Amended Complaint is attached as an exhibit to State Farm's Answer, filed on September 23, 2015 (Docket No. 3).  In April 2016, Magistrate Judge Steven E. Rau granted State Farm's motion to join Alicia Hunstad as a necessary party (Docket No. 34), and thus she is once again a Plaintiff in this matter.  She did not, however, participate in the instant Motion in any way.

the Hunstads did not provide State Farm with all of the documentation it requested and because they fraudulently misrepresented the value of the property destroyed in the fire.

**DISCUSSION**

Hunstad argues that the appraisal panel's determination regarding the value of his destroyed property binds State Farm to pay that amount, regardless of the underlying coverage dispute. This argument depends on Hunstad's secondary contention, which is that the Court must dismiss State Farm affirmative defense of fraud under Rule 9(b) and that, if the affirmative defense is dismissed, State Farm cannot claim that the Hunstads' conduct voided coverage under the policy.

Rule 9(b) requires a party pleading fraud to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Even assuming that Rule 9(b) applies to affirmative defenses, State Farm's affirmative defense meets this standard. State Farm quotes the section of the relevant insurance policy that prohibits the insured from "willfully and with intent to defraud conceal[ing] or misrepresent[ing] any material fact or circumstance relating to th[e] insurance." (Answer at 6-7, ¶ 5.) State Farm then alleges that Hunstad "concealed or misrepresented material facts relating to the submission of the insurance claims." (Id.) Especially when read in conjunction with Rule 8's requirement that an affirmative defense be stated "in short and plain terms," Fed. R. Civ. P. 8(b), State Farm's fraud defense is sufficient to put Hunstad on notice of the conduct State Farm contends constitutes fraud. Hunstad's request for dismissal of this affirmative defense is therefore denied.

3

Nor is Hunstad correct that the appraisal panel's award binds State Farm to pay the amounts the appraisal panel determined. Hunstad acknowledges that appraisal panels determine only the facts; they "do not determine liability under a policy." (Pl.'s Supp. Mem. at 10 (quoting Johnson v. Mut. Serv. Cas. Ins. Co., 732 N.W.2d 340, 346 (Minn. Ct. App. 2007)).) The panel did not address, and could not have addressed, whether Hunstad's conduct precluded coverage. While appraisers generally have authority "to decide the 'amount of loss,'" they "may not construe the policy or decide whether the insurer should pay." Trout Brook S. Condo. Ass'n v. Harleysville Worcester Ins. Co., 995 F. Supp. 2d 1035, 1041 (D. Minn. 2014) (Kyle, J.) (quoting Quade v. Secura Ins., 814 N.W.2d 703, 706 (Minn. 2012)). "The scope of appraisal is limited to damage questions while liability questions are reserved for the courts." Quade, 814 N.W.2d at 706. Thus the dispute as to coverage must be resolved before the Court can determine whether the appraisal panel's factual determinations are correct and binding on the parties.

Hunstad also contends that because State Farm did not move to vacate the appraisal panel's award, it is bound by that award. He points to Minnesota law for the proposition that any award not vacated or modified must be confirmed. Minn. Stat. § 572B.22. But this argument ignores the decision of the Goodhue County court, which denied Hunstad's motion to confirm the appraisal award and instructed Hunstad that any motion to confirm would be premature before a court had determined coverage in the first instance. (Ayers Decl. Ex. D, ¶¶ 5-7.) The statute does not apply. The appraisal award

has no effect on this litigation, unless and until there is a determination that coverage exists.

**CONCLUSION**

The appraisal panel's award is not binding on this Court, and Hunstad's Motion for Summary Judgment must be denied. Accordingly, **IT IS HEREBY ORDERED that** the Motion for Summary Judgment (Docket No. 18) is **DENIED**.

Dated: <u>May 24, 2016</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge